IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,526-02; 66,526-03; AND 66,526-04






EX PARTE EDWARD PETER NEWPORT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W00-29450-T; W00-29454-T; AND W00-29440-T


IN THE 283RD DISTRICT COURT FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and aggravated
sexual assault and sentenced to 20 years' and 99 years' imprisonment. The convictions were affirmed on
direct appeal after appellate counsel did not file appellate briefs. Newport v. State, Nos. 05-01-01183-CR, 05-01-01184-CR, 05-01-01185-CR (Tex. App. - Dallas, September 24, 2002, no pet.) 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed
to file appellate briefs. 

 The trial court has entered findings that appellate counsel was ineffective and that Applicant is
entitled to an out-of-time appeal. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). However, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall provide appellate counsel with an opportunity to respond
to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall
determine whether Applicant is still represented by counsel and, if not, whether he is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall forward documentation of the direct appeal that the court relied upon in finding
that Applicant was denied his right to a meaningful appeal due to the ineffective assistance of appellate
counsel. The trial court shall also forward documentation reflecting that appellate counsel has had an
opportunity to respond to the claim in the context of habeas corpus review. The trial court may make any
supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing documentation of the
appellate proceeding, all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with any supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained
from this Court. 

Filed: June 27, 2007

Do not publish